UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IRRION CONALER, ET AL.                          CIVIL ACTION

VERSUS                                          NO. 25-899

LOUISIANA DEPARTMENT OF                         SECTION: D(5)
PUBLIC SAFETY AND CORRECTIONS
OFFICE OF JUVENILE JUSTICE

ORDER AND REASONS

Before the Court is Defendant's Partial Motion to Dismiss Plaintiffs' First Amended Complaint, filed by Defendant Gary Westcott in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections.[1] Plaintiffs Irrion Conaler and Cecile Dawson have filed a Response in Opposition.[2] Defendant has replied.[3] After careful consideration of the parties' memoranda, the record, the First Amended Complaint, and the applicable law, the Motion is **GRANTED in part** and **DENIED in part**.

I.    FACTUAL AND PROCEDURAL BACKGROUND[4]

This case arises out of Plaintiffs' employment as Juvenile Justice Specialists at the Bridge City Center for Youth, which is part of the Office of Juvenile Justice, and under the direction of the Louisiana Department of Public Safety and Corrections.[5] During the summer of 2022, Plaintiffs allege that their supervisor,

---

[1] R. Doc. 9.
[2] R. Doc. 17.
[3] R. Doc. 18.
[4] Unless otherwise noted, the factual background is drawn from the Plaintiff's First Amended Complaint. *See* R. Doc. 8.
[5] R. Doc. 8 at ¶¶ 10, 11 and 15, 16.

Steven Lacy, began to sexually harass and assault them.[6] Dawson claims that Lacy sent sexually harassing text messages then, in two instances, forcibly kissed her and sexually battered her at work in places that were out of view of the security cameras in the facility.[7] Conaler also alleges that Lacy used similar tactics to sexually harass and assault her.[8] Conaler alleges that Lacy's behavior toward her escalated as time went on, including two instances where he tried to kiss Conaler, then exposed his genitals and pushed her head towards his genitals.[9] Neither plaintiff reported his behavior at first out of fear of retaliation or termination of employment.[10] Lacy's behavior went unreported until Dawson confided in another supervisor, Gerald Golden, that Lacy had sexually harassed and assaulted her, which Golden reported.[11]

An investigation commenced. Both Conaler and Dawson participated in the investigation, which eventually resulted in Lacy's suspension and subsequent termination on November 20, 2023.[12] While the investigation was pending, Conaler and Dawson allege that they were the victims of retaliation from their co-workers and supervisors in the form of unwarranted disciplinary actions, targeted harassment, and bullying.[13] Conaler also received a two-day suspension.[14]

Dawson filed her initial charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 30, 2024, and amended that charge

---

[6] *Id.* at ¶ 17.
[7] *Id.* at ¶ ¶ 20-23.
[8] *Id.* at ¶ 24.
[9] *Id.* at ¶ 25.
[10] *Id.* at ¶ 27.
[11] *Id.* at ¶ 28.
[12] *Id.* at ¶ 30.
[13] *Id.* at ¶¶ 32-56.
[14] *Id.*

of discrimination on February 20, 2024.[15] The EEOC issued a right to sue letter on February 26, 2025.[16] Conaler filed her initial charge of discrimination with the EEOC on May 29, 2024, and the EEOC issued a notice of the right to sue on February 6, 2025.[17] Plaintiffs Conaler and Dawson filed suit in this Court on May 7, 2025, and filed their Amended Complaint on September 3, 2025.[18] In their First Amended Complaint, Plaintiffs assert three claims against the Defendant: (1) a claim for sexual harassment and discrimination based on sex under Title VII due to their supervisor Steven Lacy's conduct toward them, (2) a claim for retaliation in violation of 42 U.S.C. 2000—e3(a), and (3) a claim for hostile work environment in violation of Title VII, 42 U.S. C. 2000e-2(a).[19]

In response to the First Amended Complaint, Defendant Gary Westcott, in his official capacity as the Secretary of the Louisiana Department of Public Safety and Corrections, filed the instant Partial Motion to Dismiss for Failure to State a Claim.[20] As to Counts 1 and 2 of the First Amended Complaint, Defendant contends that Plaintiff Irrion Conaler failed to exhaust her administrative remedies with the EEOC. Defendant argues that, regarding Conaler's claims, it is "apparent from both the EEOC charge and the Amended Complaint that the EEOC charge was not timely filed within 300 days of the last act of alleged sexual harassment."[21] Defendant next states that Conaler has failed to include two discrete acts of retaliation in the EEOC

---

[15] *Id*. at ¶¶ 45, 52.
[16] *Id*. at ¶ 7.
[17] *Id*. at ¶ 8.
[18] R. Docs. 1, 8.
[19] R. Doc. 8 at pp. 11-13.
[20] R. Doc. 9.
[21] R. Doc. 9-1 at p. 9.

3

charge and thus failed to exhaust her administrative remedies as to the alleged retaliatory acts on April 23, 2024 and May 7, 2024.[22] Defendant notes that these two acts of alleged retaliation occurred before the charges were filed with the EEOC and contends that these were not included in the charges filed on May 29, 2024.[23] Defendant next argues that Plaintiffs' First Amended Complaint does not state a cognizable Title VII retaliation claim because "Plaintiffs have failed to allege sufficient facts as to the second prong of the prima facie case, that is, that they suffered materially adverse employment actions."[24] Because the "alleged retaliatory adverse employment actions in the Amended Complaint involve letters of counseling, threatened discipline or threats of termination that did not come to fruition, or alleged comments and conduct by supervisors that fail to meet the minimum," Defendant contends that Plaintiffs have failed to plead a necessary element of a Title VII retaliation claim.[25] Lastly, Defendant asserts that Plaintiffs' claim for retaliatory harassment is one for retaliatory hostile work environment and that such a claim is not recognized by the Fifth Circuit and as such must be dismissed.[26]

Plaintiffs Conaler and Dawson respond that the Partial Motion to Dismiss should be denied.[27] Regarding Defendant's argument that Conaler's charge was untimely, Conaler argues that the First Amended Complaint alleges that she was sexually harassed from "late 2022 through 2023," which is sufficient to demonstrate

---

[22] *Id.* at p. 10.
[23] *Id.* at p. 11 (citing R. Doc. 9-2).
[24] *Id.* at p. 12.
[25] *Id.* at p. 14.
[26] *Id.* at pp. 14-15.
[27] R. Doc. 17.

that the charge filed with the EEOC was not untimely. As to Defendant's argument regarding exhaustion, Conaler states that this argument is "false," because the last three sentences of the charge "specify both discrete acts."[28] Plaintiffs next respond to the argument that they have not sufficiently pleaded a retaliation claim under Title VII. Conaler contends that she has met the requirement of pleading a retaliation claim, including the second prong, a materially adverse employment action, because she alleges that "she was subjected to unwarranted discipline, false accusations of policy violations, slandering to her military command, heavy handed discipline, suspension without due process in retaliation for engaging in protected activity to report the sexual harassment and assaults."[29] Dawson contends that she, too, has sufficiently pleaded a claim for retaliation under Title VII as to the second prong of a claim because she alleges materially adverse actions taken by her employer, "including false accusations of policy violations, targeting her with harassment and bullying, refusing to give her the support necessary to do her job, spreading false rumors that harm her reputation and purposefully violating rules in her presence with the hope of getting her in trouble."[30] Lastly, Plaintiffs argue that their claim for a hostile work environment under Title VII survives Defendant's motion because unlawful retaliation is recognized by Title VII.[31]

In reply, Defendant concedes that Plaintiff Conaler has sufficiently exhausted her administrative remedies as to her sexual harassment claim but maintains that

---

[28] *Id*. at pp. 4-5.
[29] *Id*. at pp. 6-7.
[30] *Id*. at p. 10.
[31] *Id*. at pp. 10-11.

the charge that she filed with the EEOC was untimely.[32] Because the charge was filed on May 29, 2024, Defendant argues that "at least one act of sexual harassment must have occurred within the 300 days before May 29, 2024, meaning the last act of sexual harassment must have occurred on or after August 3, 2023."[33] Defendant contends that, taken together with her argument in her response to the present motion, Plaintiff's "choice not to include any specific dates in the complaint… makes it clear that she is attempting to evade dismissal by obfuscation."[34] In the alternative, Defendant suggests that if the Court were to find that it is unclear from Plaintiff's pleading and Defendant's evidence that the claim is time-barred, the Court should "require Conaler to amend her complaint to specifically state the dates on which she contends Lacy sexually harassed her."[35] As to Plaintiffs' retaliation claims, Defendant urges that Dawson's allegations of retaliatory adverse employment actions fail to "meet the standard of a materially adverse employment action" under binding precedent and that the bulk of Conaler's allegations—except for her two-day suspension—must be dismissed for the same reason.[36] Lastly, Defendant reiterates that the final claim for retaliatory harassment, or hostile work environment must be dismissed because "the Fifth Circuit has repeatedly rejected a claim for retaliatory harassment."[37]

---

[32] R. Doc. 18 at p. 2, n. 1.
[33] *Id*. at p. 3.
[34] *Id*. at pp. 3-4.
[35] *Id*. at p. 5.
[36] *Id*. at pp. 6-7 (internal quotations omitted).
[37] *Id*.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted.[38]  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[39]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[40]  But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[41]

In ruling on a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the non-moving party.[42]  The Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[43]  "Dismissal is appropriate when the complaint on its face shows a bar to relief."[44]  In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1)

---

[38] Fed. R. Civ. P. 12(b)(6).
[39] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[40] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678) (quotation marks omitted).
[41] *Shandon Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010).
[42] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).
[43] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).
[44] *Cutrer v. McMillan*, 308 Fed. Appx. 819, 820 (5th Cir. 2009) (quotation and internal quotation marks omitted).

7

attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[45]

## III.    ANALYSIS

Defendant Westcott's motion challenges portions of all three claims brought by Plaintiffs and moves to dismiss them for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6). The Court will discuss each of the challenged claims in turn.

### A. Plaintiff Irrion Conaler Exhausted her Administrative Remedies and Sufficiently Pleaded that She Timely Filed Her Charge with the Equal Employment Opportunity Commission ("EEOC").

Defendant first challenges Plaintiff Irrion Conaler's retaliation claim for failure to exhaust administrative remedies and her sexual harassment claim for failure to timely file a charge with the EEOC.[46] Each argument will be discussed in turn.

#### 1. Plaintiff Conaler Administratively Exhausted Her Remedies with the EEOC Regarding Her Retaliation Claim.

"Title VII requires that claims be brought with the EEOC before courts may consider them."[47] EEOC charges are to be construed liberally, but a court will not consider claims "that were not asserted before the EEOC or that do not fall within the scope of the EEOC investigation which can reasonably be expected to grow out of

---

[45] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed. Appx. 336, 340–41 (5th Cir. 2011). The Court has considered the Charge of Discrimination filed by Plaintiff Irrion Conaler (R. Doc. 9-2) because it was attached to the motion, referenced in the Amended Complaint, and central to the claims. However, the Court did not consider any other exhibits, i.e., the Office of Juvenile Justice Unusual Occurrence Report (R. Doc. 9-3) and the letter to Mr. Lacy (R. Doc. 18-1).
[46] R. Doc 9-1 at pp. 8-11.
[47] *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 472 (5th Cir. 2016).

the charge of discrimination."[48] A plaintiff must not be allowed to "circumvent the statutory scheme, since Title VII clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance."[49]

While Defendant initially moved to dismiss Conaler's retaliation claim for failure to exhaust, in its Reply, Defendant "concedes Conaler sufficiently exhausted this retaliation claim and, thus, Defendant withdraws its motion to dismiss on this retaliation claim only."[50] The Court thus denies Defendant's motion as moot regarding the failure to exhaust administrative remedies.

### 2. Plaintiff Conaler Has Sufficiently Pleaded that Her EEOC Charge Was Timely Filed.

Under 42 U.S.C. § 2000e–5(e), an employee must file an EEOC charge "within one hundred and eighty days after the alleged unlawful employment practice occurred."[51] That time period is extended to 300 days if the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice.[52]

The First Amended Complaint states that "[b]eginning in late 2022 through 2023, Lacy used the same tactics to sexually harass and assault Conaler."[53] Plaintiff

---

[48] *Id.* (internal quotations omitted).
[49] *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 467 (5th Cir. 1970).
[50] R. Doc. 18 at n. 1.
[51] 42 U.S.C. § 2000e–5(e).
[52] *Conner v. Louisiana Dep't of Health & Hosps.*, 247 F. App'x 480, 481 (5th Cir. 2007) (internal quotations omitted). The parties do not dispute that Louisiana is a "deferral state" which thus permits employees 300 days to file a charge of discrimination with the EEOC.
[53] R. Doc. 8 at ¶ 24.

filed her charge of discrimination with the EEOC on May 29, 2024.[54] Defendant argues that "what is clear is that there was no alleged acts of harassment by Lacy after Conaler initially reported the harassment to her coworker in April 2023, and when it was subsequently reported to a supervisor on May 3, 2023" and that "assuming the last act of harassment occurred on May 3, 2023, the date Lacy's harassment was reported to management, Ms. Conaler had 300 days, or until February 27, 2024, to file a timely charge with the EEOC concerning the sexual harassment."[55] Plaintiff counters that the charge was timely filed with the EEOC because the Amended Complaint states that the harassment began in late 2022 and went through 2023.[56]

Because a "complaint is to be liberally construed in favor of the plaintiff" when ruling on a Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court finds that the allegation that Conaler was sexually harassed by Lacy from "late 2022 through 2023" is to be accepted as true and construed in Plaintiff's favor that her charge with the EEOC was timely filed.[57] In ruling on a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the non-moving party.[58] The Court thus denies Defendant's motion as it relates to the timeliness of the filing of a charge with the EEOC.

---

[54] *See* R. Doc. 9-2.
[55] R. Doc. 9-1 at p. 9 (internal citations omitted).
[56] R. Doc. 17 at p. 5.
[57] *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986). The Court, having considered the charge filed by Conaler with the EEOC, notes that Conaler alleges in her charge that she experienced discrimination and retaliation beginning in November 2022, with the latest event occurring on May 7, 2024. (R. Doc. 9-2).
[58] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).

### B. Plaintiffs Have Stated a Claim for Retaliation under Title VII.

Defendant argues that the Plaintiffs have failed to allege facts sufficient to make a prima facie showing regarding their claim for retaliation under Title VII.[59] Specifically, Defendant contends that Plaintiffs have failed to allege that they "suffered materially adverse employment actions."[60]

To state a claim for retaliation under Title VII, a plaintiff must show that "(1) he engaged in conduct protected by Title VII; (2) he suffered a materially adverse action; and (3) a causal connection exists between the protected activity and the adverse action."[61] "An employee has engaged in an activity protected by Title VII if she has either (1) 'opposed any practice made an unlawful employment practice' by Title VII or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII."[62] For an employer's act to constitute a materially adverse action, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."[63] "An employment action is not materially adverse if it amounts only to 'petty slights or minor annoyances that often take place at work and that all employees experience.'"[64]

---

[59] R. Doc. 9-1 at pp. 11-12.

[60] *Id.*

[61] *Cabral v. Brennan*, 853 F.3d 763, 766–67 (5th Cir. 2017) (internal quotations omitted).

[62] *Dixon v. Moore Wallace, Inc.*, 236 F. App'x 936, 937 (5th Cir. 2007) (quoting *Long v. Eastfield Coll.,* 88 F.3d 300, 304 (5th Cir.1996)).

[63] *Cabral*, 853 F.3d at 767 (5th Cir. 2017) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006)).

[64] *Soublet v. Louisiana Tax Comm'n*, 766 F. Supp. 2d 723, 734 (E.D. La. 2011) (Vance, J.) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006)).

Because Defendant only challenges the sufficiency of the claim as it relates to the second prong of a Title VII claim for retaliation—a materially adverse action—the Court only considers the sufficiency of the Complaint as it relates to that element.

The Amended Complaint alleges that Conaler was suspended for two days without pay, in addition to "unwarranted or heavy-handed disciplinary actions against Conaler, false accusations of policy violations, slandering her to her military command, [and] violating procedure to drug test her."[65] The Court agrees with Plaintiff that the action of suspending Conaler for two days without pay constitutes a materially adverse action under Title VII and thus denies the motion to dismiss as it relates to Ms. Conaler's claim of retaliation.[66]

As to Dawson's claim for retaliation under Title VII, the Amended Complaint alleges that Defendant also took adverse action against her "including false accusations of policy violations, targeting her with harassment and bullying, refusing to give her the support necessary to do her job, spreading false rumors that harm her reputation and purposefully violating rules in her presence with the hope of getting her in trouble."[67] Accepting all well-pleaded facts as true in the light most favorable to the non-movant, the Court finds that actions of making false accusations of policy violations and targeting Ms. Dawson with harassment and bullying are sufficient—

---

[65] R. Doc. 8 at ¶¶ 56, 77.

[66] The Court notes that, viewing the well-pleaded allegations in the light most favorable to the non-moving party, the allegations of false accusations of policy violations also sufficiently plead the second prong of a Title VII retaliation claim. Because the Court finds that Conaler has sufficiently alleged the second prong of a Title VII retaliation claim—a materially adverse action as a result of her two-day unpaid suspension—the Court finds it unnecessary to consider whether the remainder of the allegations sufficiently allege additional materially adverse actions. *See* R. Doc. 18 at pp. 1-2.

[67] R. Doc. 8 at ¶ 78

at the pleading stage—to allege a claim of retaliation under Title VII.[68] These allegations, viewed in the light most favorable to the non-moving party, rise above "petty slights or minor annoyances" that would not constitute materially adverse actions under a Title VII retaliation claim.[69] The Court thus declines to dismiss Dawson's claim for retaliation under Title VII.

### C. Plaintiffs Have Failed to State a Claim for Retaliatory Hostile Work Environment.

Defendant argues that Plaintiffs have failed to state a cognizable Title VII retaliatory harassment claim in Count 3 of their Amended Complaint because their claim is "based on the totality of the conduct by their supervisors."[70] Defendant states that a retaliatory hostile work environment claim under Title VII has never been recognized by the Fifth Circuit and is thus foreclosed as a matter of law.[71] Plaintiffs respond that both the Fifth Circuit and the Supreme Court recognize a cause of action under Title VII for unlawful retaliation  and that the statute further prohibits "an employer from discriminating against an employee because that individual opposed any practice made unlawful by Title VII or made a charge, testified, assisted, or participated in a Title VII proceeding or investigation.[72]" Plaintiffs aver that they

---

[68] Furthermore, the Court notes that many of the cases cited by Defendant in support of its motion pertain to motions for summary judgment under Fed. R. Civ P. 56, which is analyzed under a different standard than a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and does not require the Court to accept all well-pleaded facts as true and in the light most favorable to the non-moving party. *See, e.g., Credeur v. Louisiana Through Off. of Att'y Gen.,* 860 F.3d 785 (5th Cir. 2017); *King v. Louisiana*, 294 F. App'x 77 (5th Cir. 2008); *Earle v. Aramark Corp.,* 247 F. App'x 519 (5th Cir. 2007); *Brown v. Liberty Mut. Grp., Inco.,* 616 F. App'x 654 (5th Cir. 2015); *Johnson-Luster v. Wormuth*, No. CV 19-2235, 2022 WL 767837 (E.D. La. Mar. 14, 2022); and *Soublet v. Louisiana Tax Comm'n*, 766 F. Supp. 2d 723 (E.D. La. 2011).

[69] *Burlington Northern*, 548 U.S. at 68.

[70] R. Doc. 9-1 at p. 14.

[71] *Id*. at pp. 14-15.

[72] R. Doc. 17 at p. 11.

have sufficiently pleaded a claim for hostile work environment. Plaintiffs do not deny Defendant's assertion in its motion that their claim for hostile work environment is one based on retaliation.[73]

The Fifth Circuit "has not recognized a retaliatory hostile work environment cause of action."[74] While Plaintiff relies on the Fifth Circuit's decision in *Jones v. Flagship International*, which found that the plaintiff in that case had established a prima facie case of retaliation under Title VII, the retaliation in that case stemmed from the employer's suspension and termination of the employee, not a hostile work environment.[75] This decision did not create a retaliatory hostile work environment claim in the circuit and, rather, addressed a claim for retaliation under Title VII.[76] Because the Fifth Circuit has never recognized such a claim, the Court finds that the claim is not legally cognizable under Fifth Circuit precedent. Thus, the Court grants Defendant's motion to dismiss as it relates to Plaintiffs' claim for retaliatory hostile work environment.

## D. Plaintiff is Not Granted Leave to Amend Claim Foreclosed as a Matter of Law.

In one sentence of their Opposition brief, Plaintiffs request that should the Court find that Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6), the

---

[73] *See id*. at pp. 10-11.

[74] *Montgomery-Smith v. George*, 810 F. App'x 252, 258 (5th Cir. 2020); *see also Bryan v. Chertoff*, 217 Fed.App'x. 289, 293 (5th Cir. 2007) (declining to "recognize a retaliatory hostile work environment" cause of action).

[75] 793 F.2d 714, 729 (5th Cir. 1986) ("Jones did establish a prima facie case of unlawful retaliation under § 704(a), *i.e.,* that but for her filing of charges with the EEOC she would not have been suspended and fired…").

[76] *See id*.

Court also grant leave to amend under Rule 15.[77] Plaintiffs offer no further information as to how or where they would amend their Complaint to cure any deficiency. Courts must "freely give leave [to amend] when justice so requires."[78]  In exercising their discretion, courts consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[79]  "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."[80]

The Court finds that leave to amend the claim for retaliatory hostile work environment would be futile.[81] Because a claim for retaliatory hostile work environment under Title VII is not recognized by the Fifth Circuit, this Court declines to grant leave to amend the claim for retaliatory hostile work environment/harassment.[82]

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

---

[77] R. Doc. 17 at p. 11. The Court further notes that Plaintiffs did not move to further amend their Complaint following the filing of Defendant's Partial Motion to Dismiss.

[78] FED. R. CIV. P. 15(a).

[79] *Nolan v. M/V SANTE FE*, 25 F.3d 1043 (5th Cir. 1994) (citing *Gregory v. Mitchell*, 635 F.2d 199, 203 (5th Cir. 1981)).

[80] *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted).

[81] *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (holding that a district court does not abuse its discretion when it denies leave to amend if it is futile).

[82] *Jamieson By & Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985) ("When futility is advanced as the reason for denying an amendment to a complaint, the court is usually denying leave because the theory presented in the amendment lacks legal foundation or because the theory has been adequately presented in a prior version of the complaint.").

**IT IS HEREBY ORDERED** that the Motion to Dismiss for Failure to State a Claim[83] filed by Defendants is **GRANTED in part** and **DENIED in part**. The Motion is **GRANTED** as to Plaintiffs' claim for retaliatory hostile work environment/harassment under Title VII and that claim is **DISMISSED**. In all other respects, the Motion is **DENIED**.

New Orleans, Louisiana, April 16, 2026.

_____
**WENDY B. VITTER**
**United States District Judge**

---

[83] R. Doc. 9.

16